UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CYNTHIA HOUSTON, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:20-cv-01505-GMN-BNW |
| vs. ) | |
| ) | **ORDER** |
| GEICO CASUALTY COMPANY, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Defendant GEICO Casualty Company's ("Defendant's") Motion to Dismiss, (ECF No. 6). Plaintiff Cynthia Houston ("Plaintiff") filed a Response, (ECF No. 8), and Defendant filed a Reply, (ECF No. 9).

Also pending before the Court is Defendant's Motion to Stay Case, (ECF No. 7). Plaintiff filed a Response, (ECF No. 8), and Defendant filed a Reply, (ECF No. 9).

For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES as moot** Defendant's Motion to Stay Case.

**I.    BACKGROUND**

This case arises out of Defendant's alleged refusal to pay benefits under an underinsured motorist ("UIM") policy held by Plaintiff. On June 13, 2015, Plaintiff was a passenger in a vehicle that was struck by another vehicle, driven by non-party Muhareb Awaawda. (Compl. ¶ 5, ECF No. 1-1). Plaintiff alleges that she suffered extensive spinal injuries; she has incurred $153,137.73 in medical bills and has a recommendation for an additional surgery estimated to cost $273,785.00. (*Id.* ¶ 20). Awaawda's insurer covered $100,000.00 of Plaintiff's expenses, which was the coverage limit on his liability insurance. (*Id.* ¶ 11).

At the time of the accident, Plaintiff was also covered under one of Defendant's insurance policies, which included UIM coverage of up to $250,000.00 per person per claim. (*Id.* ¶ 12–13). On November 17, 2016, Plaintiff submitted a demand letter to Defendant, requesting payment of her UIM benefits under the policy. (*Id.* ¶ 21–25). Plaintiff also provided a HIPPA authorization to Defendant. (*Id.* ¶ 23–24). On November 7, 2018, Defendant made an offer to settle Plaintiff's claim for $5,000.00. (*Id.* ¶ 26). Plaintiff rejected this offer, but, through her attorney, continued attempting to settle her claim with Defendant. (*Id.* ¶ 27). Defendant allegedly maintains its offer of $5,000.00. (*Id.*).

In response to Defendant's refusal to pay a higher sum, Plaintiff filed the instant action in Nevada state court. (*See generally* Compl., ECF No. 1-1). The Complaint sets forth four causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violations of the Nevada Unfair Claims Practice Act; and (4) tortious breach of the covenant of good faith and fair dealing. (*Id.* ¶¶ 29–53).

On August 14, 2020, Defendant removed the action to this Court. (Pet. Removal, ECF No. 1). Thereafter, Defendant filed the instant Motion, seeking the dismissal of Plaintiff's claims for breach of the implied covenant of good faith and fair dealing, tortious breach of the covenant of good faith and fair dealing, and violations of the Nevada Unfair Claims Practices Act. (Mot. Dismiss ("MTD") 14:5–13, ECF No. 6). In the alternative, Defendant requests that these claims be severed or bifurcated and stayed, pending the outcome of the breach of contract claim. (*Id.* 3:16–18).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual

allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

### III.  DISCUSSION

In the instant Motion, Defendant argues that the Court should dismiss Plaintiff's second, third, and fourth causes of action: breach of the implied covenant of good faith and fair dealing; violations of the Nevada Unfair Claims Practices Act; and tortious breach of the covenant of good faith and fair dealing.  The Court will first address the contractual and tortious "bad faith" claims, before turning to the statutory violation.

**A.  Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiff alleges that Defendant breached the insurance contract, unless the Court finds that Defendant in fact complied with the contract, then Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing by impugning the spirit of the contract. (Compl. ¶¶ 29–40).  To counter, Defendant argues that Plaintiff cannot maintain actions for both breach of contract and breach of the implied covenant of good faith and fair dealing using the same factual allegations because the two claims contradict each other. (*See* MTD 5:11–6:3).

Under Nevada law, there is an implied convent of good faith and fair dealing in every contract. *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991). A contractual breach of the covenant of good faith and fair dealing arises "where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *Id.* at 923.  This cause of action stands in contrast to one for breach of contract because of its requirement for literal compliance with the terms of the contract. *See Kennedy v. Carriage Cemetery Services, Inc.*, 727 F.Supp.2d 925, 931 (Nev.

2010). Consequently, allegations that a defendant violated the actual terms of a contract are incongruent with this cause of action and insufficient to maintain a claim. *See id.*

Here, while Plaintiff may plead both breach of contract and breach of the implied covenant of good faith and fair dealing as alternative theories of liability, all elements of each cause of action still must be properly plead. *See, e.g.*, *Ruggieri v. Hartford Ins. Co. Midwest*, No. 2:13-cv-00071-GMN-GWF, 2013 WL 2896967, at *3 (D. Nev. June 12, 2013). Plaintiff's Complaint alleges facts indicating that Defendant breached the contract, but alleges no facts that Defendant complied with the contract. In fact, the entire Complaint is predicated on the premise that "Defendant breached the contract by failing to pay the full value of Plaintiff's claim" by only offering a $5,000.00 settlement even though Plaintiff maintained a $250,000.00 UIM policy. (Compl. ¶ 25–27, 33). Accordingly, the Complaint fails to state a claim for breach of the implied covenant of good faith and fair dealing, and thus, this cause of action is dismissed without prejudice.

### B. Tortious Breach of the Covenant of Good Faith and Fair Dealing (Bad Faith)

The Complaint alleges that Defendant breached its duty of good faith and fair dealing when it denied Plaintiff's insurance claim because it disregarded the opinions of Plaintiff's physicians and valued its own interest over Plaintiff's. (Compl. ¶¶ 48–51). In contrast, Defendant argues that the Complaint reveals a dispute as to the appropriate value of Plaintiff's insurance claim based on competing medical opinions, which does not amount to bad faith. (MTD 9:17–21).

Under Nevada law, breach of the implied covenant of good faith and fair dealing can give rise to a tort when a special relationship exists between the parties to the contract, such as the relationship between an insurer and the insured. *Insurance Co. of the West v. Gibson Tile Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006). In the insurance context, this tort is commonly referred to as a claim for "bad faith." *See id.* at 703. "An insurer breaches the duty of good

faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'" *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (quoting *United States Fidelity & Guar. Co. v. Peterson*, 91 Nev. 617, 540 P.2d 1070, 1071 (Nev. 1975)). To constitute a denial "without proper cause" an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 102 Nev. 601, 729 P.2d 1352, 1354 (Nev. 1986) (citing *Peterson*, 540 P.2d at 1070). In other words, an insurer's incorrect determination that coverage does not exist under a particular policy is not an actionable *tort*, unless there was no reasonable basis for that determination. *Pioneer*, 863 F. Supp. at 1242.

In the present case, Plaintiff's Complaint lacks any allegations that Defendant denied coverage without an actual or implied awareness that there was no reasonable basis supporting its decision. To the contrary, Plaintiff asserts that Defendant "disregard[ed] the opinions of all of Plaintiff's treating physicians in favor of one retained doctor," indicating that Defendant's decision was actually based on independent medical advice. (Compl. ¶ 49).[1] Accordingly, the facts pled in Plaintiff's Complaint allege a mere valuation dispute between competing medical providers, rather than a baseless, bad faith denial of benefits, which is insufficient to state a claim for tortious breach of the covenant of good faith and fair dealing. *See, e.g.*, *Flonnes v. Property & Cas. Ins. Co. of Hartford*, No. 2:12-cv-01065-APG-CWH, 2013 WL 3109381, at *4 (D. Nev. June 17, 2013) ("In light of [the insurer's] hiring of a medical expert to review and affirm the findings of its adjusters, the court cannot reasonably infer the subjective element of bad faith."). Thus, the Court dismisses this claim without prejudice.

---

[1] In her Response to Defendant's Motion to Dismiss, Plaintiff claims that "Defendant has never identified a medical opinion to support its position." (Resp. 5:12–14, ECF No. 8). However, the Complaint clearly alleges that Defendant made its decision based on the advice of a retained physician. (Compl. ¶ 49, ECF No. 1-1). For a Motion to Dismiss, the Court considers the factual matters detailed in the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**C. Unfair Claims Practices Act**

Plaintiff claims that Defendant violated the Nevada Unfair Claims Practices Act found in Nevada Revised Statute ("NRS") § 686A.310(1)(e). (Compl. ¶¶ 41–46). Defendant argues that Plaintiff insufficiently alleges violations of the Unfair Claims Practices Act because Plaintiff merely recites the pertinent statutory language without providing any factual allegations. (MTD 9:22–27).[2]

NRS § 686A.310(1)(e) deems it an unfair trade practice and imposes civil liability on an insurer for "[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." This statute concerns the manner in which an insurer handles an insured's claim. *See Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F.Supp.2d 1223, 1236 (D. Nev. 2010). Plaintiff's allegations regarding this cause of action are that Defendant's liability to Plaintiff was reasonably clear; Defendant had a duty to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim under NRS § 686A.310(1)(e), which it failed to do; and Defendant's failure to comply with NRS § 686A.310(1)(e) was done with prior knowledge or permission of an officer, director, or department head. (Compl. ¶¶ 41–46).

These allegations are nothing more than a verbatim recitation of the language from NRS § 686A.310(1)(e), which is precisely what the Supreme Court held to be insufficient for stating

---

[2] Defendant also claims that Plaintiff's cause of action for violations of the Nevada Unfair Claims Practices Act is time-barred. (Mot. Dismiss ("MTD") 10:17–11:19, ECF No. 6). Claims brought pursuant to NRS 686A.310 have a three-year statute of limitations. *Lebie v. Encompass Ins. Co. Am.*, No. 2:15-cv-75-KJD-GWF, 2015 WL1064622, at *2 (D. Nev. Mar.10, 2015) ("The statute designated as NRS 686A.310 is governed by NRS 11.190(3)(a) which provides a three-year statute of limitations for '[a]n action upon a liability created by statute, other than a penalty or forfeiture.'"). However, "the general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990). Here, Plaintiff could not sue defendant for breach of contract until Defendant denied Plaintiff's claims in November 2018. *See PennyMac Holdings, LLC v. Fidelity Nat. Ins. Co.*, 134 Nev. 995, n.2 (2018). Thus, because Plaintiff brought this action in 2020, her Nevada Unfair Claims Practices Act claim is timely.

a claim in *Twombly* and *Iqbal*. Accordingly, the Court dismisses without prejudice Plaintiff's claims arising under the Nevada Unfair Claims Practices Act.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED**. Claims two, three, and four of the Complaint are dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Case, (ECF No. 7), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to amend claims dismissed without prejudice, Plaintiff shall file an amended complaint within twenty-one (21) days from the entry of this order.

**DATED** this __22__ day of February, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court